## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 29 2016, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Esmeralda Villarreal,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 29, 2016

Court of Appeals Case No.
49A02-1507-CR-923

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G07-1501-CM-2132

**Crone, Judge.**

# Case Summary

While her husband and another man loaded a pickup truck with scrap radiators from a factory's dumpster without the factory owner's permission, Esmeralda Villarreal sat in the truck cab facing the parking lot entrance. A factory employee drove into the parking lot, saw the theft in progress, and blocked the entrance with his vehicle. Police officers arrested Villarreal and the others at the scene.

The State alleged that Villarreal attempted to commit class A misdemeanor theft by loading metal into the truck. At trial, Villarreal moved for involuntary dismissal based on the lack of evidence that she had personally loaded metal into the truck. The State argued that she had acted as a lookout for her husband and the other man and therefore was guilty as an accomplice. The trial court agreed.

On appeal, Villarreal argues that her conviction should be reversed because the State failed to prove that she loaded metal into the truck. The State argues that the evidence is sufficient to sustain her conviction as an accomplice. We agree with the State and therefore affirm.

# Facts and Procedural History

On the morning of January 16, 2015, C & R Racing employee Robert Worthington returned to his company's factory in Indianapolis after making a delivery. He saw a pickup truck parked next to a dumpster, with the truck cab facing the parking lot entrance. Worthington saw one man lifting scrap

radiators out of the dumpster and another man loading them into the truck.[1] He also saw Villarreal sitting in the truck's passenger seat. Worthington blocked the parking lot entrance with his vehicle "so they couldn't leave" and went inside the factory to alert the owner. Tr. at 10. The owner went outside to confront Villarreal and the two men, one of whom was her husband. Police officers arrived within approximately five minutes and arrested Villarreal and her companions.

[5]     The State alleged that Villarreal committed class A misdemeanor attempted theft by loading metal into the truck. At Villarreal's bench trial, Worthington and the arresting officer testified for the State. Worthington testified to the foregoing facts, and the officer testified that Villarreal was sitting in the pickup cab when she arrived at the factory. After the State rested, Villarreal moved for involuntary dismissal under Indiana Trial Rule 41(B) based on the lack of evidence that she had personally loaded metal into the truck. The State argued that Villarreal "was actually there acting as a lookout" and that "[s]he doesn't have to actually be loading metal physically into the truck to get an accomplice to the attempted theft[.]" *Id*. at 21. The trial court denied the motion for dismissal.

---

[1] Worthington's testimony suggests that C & R Racing sells scrap radiators. *See* Tr. at 10 ("Q: … [D]o you know what the average cost of something like that is when it's stolen? A: Uh, it just depends on what size radiator they took from all that, 'cause they vary from prices.").

Villarreal then testified on her own behalf, stating that her truck had broken down and she asked her husband to call one of his friends for a ride to work. The pickup truck driver gave them a ride and told them that he "needed to go somewhere first." *Id*. at 22. According to Villarreal, the driver stopped at C & R Racing and started loading radiators into the truck, and she "told [her] husband [they] needed to get out[t]a here." *Id*. Villarreal stated that she and her husband started walking away but were confronted by a man with a gun, who hit her and pushed them toward the truck.

After Villarreal rested, the State argued that Villarreal "was sitting there as a lookout and when things got rough, she fabricated this story." *Id*. at 26. The trial court stated that it was "convinced that Ms. Villarreal was tacitly involved in this. She may at a later time to abandon the attempt [sic] but on the evidence is sufficient to sustain a conviction for attempt[ed] theft." *Id*. at 30. The court found her guilty and sentenced her to time served. This appeal ensued.

## Discussion and Decision

Villarreal asserts that the evidence is insufficient to support her conviction. "When reviewing the sufficiency of evidence, we do not reweigh evidence or judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to the judgment." *Hudson v. State*, 20 N.E.3d 900, 903 (Ind. Ct. App. 2014). "This review respects the factfinder's exclusive province to weigh conflicting evidence." *Id*. (citation and quotation marks omitted). "We must affirm if a reasonable trier of fact could find the defendant

guilty beyond a reasonable doubt based upon the probative evidence and reasonable inferences drawn from the evidence presented." *Id.*

[9] Class A misdemeanor theft is the knowing or intentional exertion of unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2(a). "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted." Ind. Code § 35-41-5-1(a).

[10] In the charging information, the State alleged that Villarreal

> did attempt to commit the crime of Theft, which is to knowingly or intentionally exert unauthorized control over the property of C & R Racing, to-wit: metal, with the intent to deprive C & R Racing of any part of the use or value of the property, by engaging in conduct which constitutes a substantial step toward the commission of said crime of Theft, that is: loading the metal into a truck[.]

Appellant's App. at 12. Villarreal argues that "[t]he State's witnesses both testified that they never saw her outside of the pickup truck until she was arrested" and that "[h]er conduct of sitting in the pickup truck fails to meet the type of action necessary to find that she committed a substantial step in this instance." Appellant's Br. at 9-10.

[11] The State argues that the evidence is sufficient to sustain Villarreal's conviction as an accomplice. Indiana Code Section 35-41-2-4 provides, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person: (1) has not been prosecuted for the offense; (2) has not been convicted of the offense; or (3) has been acquitted of the offense." "It is well established that a person who aids another in committing a crime is just as guilty as the actual perpetrator." *Green v. State*, 937 N.E.2d 923, 927 (Ind. Ct. App. 2010), *trans. denied* (2011).

[12] "To be convicted as an accomplice, it is not necessary for a defendant to have participated in every element of the crime." *Id*. Nevertheless, mere acquiescence in the commission of the offense and mere presence at the crime scene are insufficient to establish accomplice liability. *Peterson v. State*, 699 N.E.2d 701, 706 (Ind. Ct. App. 1998). "[P]resence may be considered along with the defendant's relation to the one engaged in the crime and the defendant's actions before, during, and after the commission of the crime." *Green*, 937 N.E.2d at 927; *see also Peterson*, 699 N.E.2d at 706 ("The particular facts and circumstances of each case must be considered in determining whether a person participated in the commission of an offense as an accomplice."). "[T]o sustain a conviction as an accomplice, there must be evidence of the defendant's affirmative conduct, either in the form of acts or words, from which an inference of a common design or purpose to effect the commission of a crime may be reasonably drawn." *Peterson*, 669 N.E.2d at 706. "[O]ne may be charged as a principal yet convicted on proof that he or she

aided another in the commission of a crime." *Wise v. State*, 719 N.E.2d 1192, 1198 (Ind. 1999).

[13] The State's evidence established that while her husband and another man loaded radiators into the pickup truck, Villarreal was sitting in the truck cab facing the parking lot entrance that Worthington fortuitously blocked with his vehicle. She was still inside the cab when the police arrived approximately five minutes later. The State argues that because Villarreal's husband was involved, "it is a reasonable inference that [she] would be a lookout to prevent him from being caught." Appellee's Br. at 10. We agree. Moreover, Villarreal's conduct supports an inference of a common design or purpose to effect the commission of theft by her husband. The trial court credited the State's version of events over Villarreal's version, and we may not second-guess that credibility determination or reweigh the evidence on appeal. We conclude that a reasonable trier of fact could find Villarreal guilty as an accomplice beyond a reasonable doubt based on the probative evidence and the reasonable inferences drawn therefrom. Accordingly, we affirm her conviction.

[14] Affirmed.

Vaidik, C.J., and Bailey, J., concur.